UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00092-JAW |
| | ) | |
| PETER M. HAMILTON | ) | |

**ORDER ON COMPETENCY HEARING**

On July 13, 2016, a federal grand jury returned a six-count indictment against Peter M. Hamilton, charging him with violations of 18 U.S.C. §§ 115(a)(1)(B) and 871(a) related to threatening statements he made against President Barack Obama and United States Representative Chellie Pingree. *Indictment* (ECF No. 3). On November 21, 2016, Mr. Hamilton's court-appointed attorney filed an unopposed motion for a psychological examination pursuant to 18 U.S.C. § 4241. *Unopposed Mot. for Psych. Exam. and to Continue Trial Date and Extend Pretrial Deadlines* (ECF No. 16). The Court granted the motion the same day and ordered the Federal Bureau of Prisons to conduct a psychological evaluation and to prepare a report that assessed, among other things, whether Mr. Hamilton suffered from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Order* at 1–2 (ECF No. 17).

In accordance with the Court's Order, the Bureau of Prisons conducted a psychological evaluation of Mr. Hamilton over a period from December 19, 2016, to January 9, 2017, at the Federal Medical Center in Devens, Massachusetts. *Forensic*

*Report* at 1 (ECF No. 20).  On March 23, 2017, the Court received a fifteen-page forensic report prepared by Dr. Chad Tillbrook dated March 1, 2017.  *Id.*  In the report, Dr. Tillbrook concludes that Mr. Hamilton is suffering from a psychiatric illness, and that as a result, Mr. Hamilton "exhibits deficits that compromise his rational appraisal of his situation and his ability to make logical decisions in the context of his criminal adjudication."  *Id.* at 14.

On April 13, 2017, the Court held a competency hearing pursuant to 18 U.S.C. § 4247(d).  *Min. Entry* (ECF No. 22).  The Court heard an oral statement from Mr. Hamilton and admitted into evidence the forensic report by Dr. Tillbrook.  This Court finds, based on the forensic report and based on the Court's direct observations of Mr. Hamilton during the course of the hearing, that it is more likely than not that Mr. Hamilton is not competent to stand trial in this matter.  The Court further finds by a preponderance of the evidence that Mr. Hamilton is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and that renders him unable to assist properly in his own defense.

Therefore, pursuant to 18 U.S.C. § 4241(d), the Court ORDERS that the Defendant is committed to the custody of the Attorney General of the United States. The Attorney General shall hospitalize the Defendant for treatment in a suitable facility—

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that

in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until—

> (A) his mental condition is so improved that trial may proceed if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the Defendant's mental condition has not so improved as to permit the trial to proceed, the Defendant is subject to the provisions of 18 U.S.C. § 4246.

If the director of the facility in which the defendant is hospitalized, pursuant to 18 U.S.C. § 4241(d), determines that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court for the United States District Court for the District of Maine at 202 Harlow Street, Bangor, Maine 04401. The Clerk shall then send a copy of the certificate to the attorney for the Defendant and to the attorney for the Government, and the matter shall be set for a hearing pursuant to 18 U.S.C. § 4247(d).

A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the hospitalization of the Defendant as required by this Order. If the defendant is hospitalized outside the District of Maine, upon the Defendant's return to the District of Maine from the facility, the U.S. Marshal shall immediately notify this Court of that fact. The period of commitment from the date of this Order shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to 18 U.S.C. § 3161(h)(1)(A).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2017